UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.K. by and through guardian ad litem, Jennifer X,<br><br>Plaintiffs,<br><br>v.<br><br>GOLD TRAIL UNION SCHOOL DISTRICT,  as an organized school district, BOYD HOLLER, as an individual, and DOES 1-25,<br><br>Defendants. | No.  2:20-cv-02388-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Jennifer X., as Guardian ad Litem for her minor son, Plaintiff J.K. ("J.K."), alleges that Defendant Gold Trail Union School District ("the District") failed to prevent ongoing harassment and discrimination directed to J.K., a student enrolled in the District.  Plaintiff further alleges that the District's principal, Defendant Boyd Holler, not only failed to take steps to curtail the behavior to which her son was subjected, but also failed to implement a teaching curriculum to minimize and eliminate it.  Plaintiff's Complaint includes six causes of action, alleging both federal claims pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI"), as well as claims brought under California law.

Now before the Court is Defendants' Motion to Dismiss directed to three causes of action on grounds that they fail to state a viable claim under Federal Rule of Civil Procedure 12(b)(6).  Defendants first claim that the Second Cause of Action, levied against Defendant Holler for violation of § 1983, necessarily fails in the absence of any constitutionally mandated obligation that any particular teaching curriculum be provided. Second, both Holler and the District claim that the Fourth Cause of Action, for failure to protect, has no cognizable legal basis.  Third and finally, Defendant Holler argues that the Fifth Cause of Action, for violations of Title VI, cannot be asserted against him as an individual.[1]  As set forth below, Defendants' Motion to Dismiss is GRANTED in its entirety.[2]

## BACKGROUND[3]

During the 2018-19 academic year, J.K. was a seventh grader at Gold Trail School in Placerville, California.  Gold Trail School is operated by the District.  At all times pertinent to this matter the school's principal was Defendant Holler.

J.K. is an African-American student with Haitian roots.  According to the FAC, because the student body is largely white, J.K. is often the only Black student in his classes.  Plaintiff avers that her son has been a "constant target of bullying" by his peers both because of his race and his perceived sexuality.  Both in person and by text message, he has been repeatedly referred to as "nigger," "gay" and "faggot."  Plaintiff claims this has upset her son and made him depressed.

---

[1] Given Plaintiff's concession in opposition to this motion that Holler should not have been named individually in the Fifth Cause of Action, that claim will not be further discussed in the body of this Memorandum and Order.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

[3] Unless otherwise noted, this background section is drawn, at times verbatim, from the allegations contained in Plaintiffs' operative First Amended Complaint, ECF No. 5 ("FAC").

Plaintiff met with Defendant Holler in his office (J.K. was also present) in April of 2019 to complain about the harassment J.K. was receiving. She gave Holler screenshots of some of the offensive text messages J.K. had been sent by other students.

On October 16, 2019, after two different incidents on the District's bus that day and the day beforehand, Plaintiff and J.K. again met with Holler, who asked why J.K. had not complained about being bullied previously. Plaintiff claims this was untrue given their prior meeting with Holler described above. Holler than proceeded to explain to J.K. that the word "nigger" can be interpreted in several different ways, not all of which are offensive. Plaintiff, in disbelief at such a statement, claims she immediately told her son in Holler's presence that use of the term was offensive under all circumstances.

On February 24, 2020, Plaintiff filed a tort claim against the District under the California Government Code to seek redress for her son's treatment. After the District rejected that claim in its entirety on or about June 2, 2020, Plaintiff instituted the present lawsuit on J.K.'s behalf on December 1, 2020. Plaintiff thereafter filed the operative FAC (ECF No. 5) on December 19, 2020.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Second Cause of Action against Defendant Holler

Plaintiff's Second Cause of Action, directed against Defendant Holler individually, alleges that he intentionally discriminated against J.K., or acted with deliberate indifference to his constitutional rights, when he 'failed to teach and inform pupils at gold Trail School about their rights as guaranteed by the federal and state constitutions" and by not implementing a "teaching curriculum that promote[d] tolerance and sensitivity to counter discriminatory incidents on school grounds [and therefore] to minimize and eliminate a hostile environment."  FAC, ¶ 33.  According to Plaintiff, this shortcoming on Holler's behalf, which was made "while acting under color of state law," effectively denied J.K. his right to "equal protection of the laws and Constitution of the United States and the state of California."  Id. at ¶ 34.  Plaintiff claims these failures are subject to redress under 42 U.S.C. § 1983.

Holler moves to dismiss on grounds that a viable § 1983 claim requires that a particular federal right be identified and a violation shown.  The right in question must not only be unambiguous but has to be couched in mandatory, as opposed to only precatory, terms.  Blessing v. Freeman, 520 U.S. 320, 340-41 (1997).  Vague and

1  conclusory allegations in that regard are insufficient to withstand a motion to dismiss.
2  Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982.

3        As indicated above, the Second Cause of Action appears to allege that Defendant Holler's failure to implement a curriculum promoting "tolerance and sensitivity" amounted to a violation of J.K.'s equal protection rights as guaranteed by the Fourteenth Amendment.  FAC, ¶ 3.  Plaintiff nonetheless fails to indicate the source of the mandatory obligation that purportedly underlies his constitutional claim.  Aside from a vague reference to equal protection, the source of Plaintiff's alleged right, the FAC is unclear as to just what law, statute, or constitutional provision is being relied upon to support the claim.

      Additionally, in response to Defendants' claim that a principal cannot be held liable for failing to implement and/or change a school's curriculum, Plaintiff offers no further explanation and cites no pertinent authority for such a proposition.[5]  Tellingly, the closest case on point indicates that there is no such liability.  In Doe v. Los Angeles Unified School Dist., No. 2:16-cv-00305-kCAS (JEMx), 2016 WL 4238636, the plaintiff, a student, sued both the school district and individual administrators over a teaching curriculum that addressed issues of racial discrimination.  Like Plaintiff here, the plaintiff in Doe argued that because defendants had failed to implement "sufficient training to promote tolerance and racial diversity in the classroom" in implementing that curriculum, they had discriminated against her and other African-American students.  Id. at *4.  On a Rule 12(b)(6) motion to dismiss, the court found in defendants' favor, reasoning that while schools were prohibited from engaging in unlawful discrimination, they were not required to implement specific policies or to implement racial sensitivity training for staff members.  Id.  This Court finds Doe's reasoning equally applicable, and indeed dispositive, as to the Second Cause of Action.

---

[5] Plaintiff does attempt to argue that California Education Code § 201, which provides, inter alia, that schools should provide educational activities to counter discrimination, suffices as the statutory mandate required for assertion of his § 1983 claim.  Caselaw, however, has rejected that contention.  See, e.g., Roe by and through Slagle v. Grossmont Union High School. Dist., 443 F. Supp. 3d 1152, 1167-68 (S.D. Cal. 2020) (finding that § 201 recites only legislative intent and not any mandatory duty).

Finally, as Defendants point out, school administrators like principals lack authority in any event to develop and implement a school curriculum, with that authority instead being generally vested with the State Board of Education and the California Department of Education.  See, e.g., 5 Cal. Code Regs. § 9511-9517.3 (procedure for adoption of curriculum frameworks by State Board of Education); Id. at § 9518 (Board also approves "social content standards' as part of its process in adopting instructional materials for "all subjects").

Because the Court finds that Defendant Holler lacks any role in adopting curriculum standards, Plaintiff had no right stemming from any such responsibility on his part, let along a violation stemming therefrom that would support a § 1983 claim.  Plaintiff's Second Cause of Action accordingly fails for that reason as well.

**B.  Fourth Cause of Action against Defendants District and Holler**

Defendants' Motion to Dismiss also take aim at the Fourth Cause of Action, which Plaintiffs denominate as a claim for "failure to protect pupils."  As a public entity, however, the District is liable under the California Government Code only where it violates a mandatory duty established by statute, or where it is vicariously liable for the conduct of its employees.  Cal. Gov. Code §§ 815, 815.2(a).  General tort principles are insufficient.  Eastburn v. Regional Fire Protection Authority, 31 Cal. 4th 1175, 1183 (2003).

Although California Education Code § 44807 does appear to articulate a mandatory duty to supervise students at school (and Plaintiff's Third Cause of Action is predicated on that duty), there is no similar statutory mandate to ensure the safety of students on school grounds, as the Fourth Cause of Action alleges.  In C.A. v. William S. Hart Union High School Dist., 53 Cal. 4th 861, 869 (2012), the California Supreme Court recognized that there is no such duty to ensure safety.  Instead, consistent with § 44807, case law recognizes only that school authorities have a duty to supervise the conduct of children on school grounds and to enforce rules necessary for their protection.  Id.; see also Dailey v. Los Angeles Unified School Dist., 2 Cal. 3d 741, 747 (1970).

Given the lack of any statutory predicate for the duty advanced by Plaintiff in the Fourth Cause of Action, that claim also fails.

**CONCLUSION**

For all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED.  The Second and Fourth Causes of Action are therefore DISMISSED in their entirety, with leave to amend.  The Fifth Cause of Action is also DISMISSED as to Defendant Holler only, also with leave to amend. To the extent that Plaintiffs choose to file a Second Amended Complaint, they must do so not later than twenty (20) days after the date this Memorandum and Order is electronically filed.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  September 30, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE