KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
2450 Venture Oaks Way, Suite 200
Sacramento, CA 95833
P: (916) 905-7265
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff J.K.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.K. by and through guardian ad litem<br><br>Plaintiff,<br><br>vs.<br><br>GOLD TRAIL UNION SCHOOL DISTRICT, as an organized school district, BOYD HOLLER, as an individual, and DOES 1 - 25<br><br>Defendants. | Case No.: 2:20-cv-02388-MCE-AC<br><br>**ORDER TO APPROVE MINOR'S COMPROMISE** |

## BACKGROUND

J.K. is a 17-year-old boy attending high school in his hometown. At the time of the alleged incidents bringing forth this complaint, J.K. was in the 8th grade. As a result of the alleged conduct and omissions of the Gold Trail School District and its employees, Plaintiff filed this action. Plaintiff brought causes of action for Civil Rights Violations under Section 1983, Title VI violations, Negligent Supervision of Students, and Discrimination in the Educational Institution pursuant to California Education Code section 220. The essential contention in

Plaintiff's action against Defendants is that the school district and his principal failed to protect plaintiff from racial discrimination that occurred at school.

As a result of the alleged incidents that Plaintiff endured while a student in the Gold Trail School District, Plaintiff further alleged that he suffered great mental, physical, and nervous pain and suffering. Plaintiff in fact underwent and participated in multiple counseling sessions through his school counseling resources and private medical providers. These counseling sessions have assisted with Plaintiff's recovery. Plaintiff is currently doing well in school and has been elected class president two years in a row. Plaintiff is also a standout athlete with goals of setting multiple school records. Although Plaintiff is doing much better, Plaintiff still has triggering events (often centered around bullying behavior) that cause some setbacks. Plaintiff has successfully utilized tools learned through his counseling sessions to better understand and respond to these triggering events.

On April 27, 2022, the parties in this action agreed to partake in a settlement conference with the Honorable Carolyn K. Delaney's assistance. With the assistance of Magistrate Judge Delaney's guidance, and considering all the evidence, ultimate goals and risks, the parties decided to settle the matter for a payment of $40,000.00. ECF No. 19. Attorney's fees of 25% and costs reimbursement will be deducted from the settlement proceeds. Plaintiff's counsel provided in his declaration to support Plaintiff's motion to approve minor's compromise, that his attorney fee amounted to $10,000.00 and reimbursement of costs amounted to $1,543.50 for a total sum of $11,543.50. ECF No. 20-2. The remaining balance of $28,456.50 will be placed into a blocked account in the name of Plaintiff.

**DISCUSSION**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem or issue another appropriate order--to protect a minor or incompetent person

who is unrepresented in an action.'" Id. (quoting Fed. R. Civ. P. 17(c)).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel--whose interests the district court has no special duty to safeguard." Id. at 1181–82 (citing Dacanay, 573 F.2d at 1078).  "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id. at 1182.

Having considered the unopposed motion to approve a minor's compromise and being satisfied by the testimony of the guardian ad litem that she has been fully informed of the consequences of settling the minor's claim, the Motion for Approval of Settlement of Minor's Claim is GRANTED as this settlement serves the best interests of the minor.  The Court finds the net payment to the minor is fair and reasonable in light of the facts of the case, the minor's specific claims, and recovering in similar cases.  See, e.g., S.V. v. Delano Union Elementary Sch. Dist., 1:17-cv-00780-LJO-JLT, 2019 WL 2635949 (E.D. Cal. June 27, 2019) (approving a settlement for $45,000.00 to a minor plaintiff who alleged she was bullied); Walden v. Moffet, No. CV-F-04-6680 LJO DLB, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007) (approving a $15,000 settlement to a child who alleged he was subjected to various racial and religious

discrimination); A.M. v. San Juan Unified Sch. Dist., No. 2:16-cv-02380-KJM-KJN, 2018 WL 10436221 (E.D. Cal Apr. 26, 2018) (approving a settlement for roughly $39,000.00 for emotional distress damages suffered as a result of the action of his teachers); Castaneda v. Wendell, No. 1:05 CV-0604 OWW DLB, 2007 WL 1322357, at *2–3 (E.D. Cal May 2, 2007) (approving minor's settlement in the amount of $32,939.53 for actions taken by the school's principal that caused embarrassment and humiliation).

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. J.K.'s petition for approval of minor's compromise, ECF No. 20, is GRANTED and the settlement is APPROVED (see ECF No. 27);
2. Defendants shall prepare and deliver the settlement fund proceeds within thirty (30) days from the date of service of this Order;
3. The minor Plaintiff's costs and attorney's fees are fair and reasonable and shall be awarded as $1,543.50 in reimbursable costs, and $10,000.00 in attorney's fees, for a total of $11,543.50 to be paid out of the $40,000.00 settlement fund;
4. The remainder $28,456.50 shall be deposited into a blocked account in the name of the minor Plaintiff within twenty-one (21) days of receiving the settlement funds; and
5. The parties shall file dispositional documents within sixty (60) days from the date of entry of this Order.

**IT IS SO ORDERED.**

Dated: July 8, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE